■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW J. KELLY, Appellant.— Judgment unanimously reversed and indictment dismissed. Memorandum: Upon the appeal from a judgment of conviction upon a plea of guilty, we reserved decision, held the case and remitted the matter for further proceedings in accordance with a Memorandum (40 A D 2d 624). We are now informed by the District Attorney that the motion to suppress evidence was granted and that a conviction cannot be obtained without the suppressed evidence. Accordingly, the indictment should be dismissed. (Appeal from judgment of Monroe County Court convicting defendant of possession of gambling records, possession of weapons; resubmission following suppression hearing.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL BERGMAN, Respondent, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Appellant.— Judgment unanimously reversed, petition dismissed and relator remanded to custody. Memorandum: This is an appeal by respondent from a judgment sustaining a writ of habeas corpus directing that relator be released from prison and restored to parole. On December 8, 1972 relator's parole was revoked after a parole revocation hearing which fully complied with *People ex rel. Menechino* v. *Warden* (27 N Y 2d 376). On February 15, 1972 a habeas corpus proceeding to test the validity of the determination of the Parole Board was dismissed. On August 3, 1972 upon a motion to reargue in light of *Morrissey* v. *Brewer* (408 U. S. 471), decided June 29, 1972, the court overruled its prior decision, granted the petition and restored relator to parole. *Morrissey* is not retroactive and does not apply to those who have had a full hearing. (Appeal from judgment of Wyoming County Court sustaining writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.